OPINION OF THE COURT
Martin Evans, J.
In this article 78 proceeding, petitioner, a dismissed sanitation worker, seeks, inter alla, an order reinstating him to the force.
Prior to his dismissal earlier this year, petitioner had served as a sanitation man in the New York City Department of Sanitation since his appointment in 1968. For approximately two weeks during August, 1979, while absent from work due to a claimed line of duty injury, petitioner was observed working as a foreman at a construction site. Respondent brought petitioner up on charges; petitioner pleaded guilty to the charges and was dismissed from the force.
Petitioner did not, and does not now, dispute the truth of the charges. Rather, he claims that they are legally insufficient, that he had no knowledge of the consequences of pleading guilty, and that his dismissal was consequently an abuse of discretion. Petitioner’s claims are utterly without support in law or fact and must be dismissed.
*914 Petitioner admits that he was actively engaged in paid employment while being fully paid by the city at a time when, he claimed, he was unable to perform his city work. He argues that his absence was occasioned by a “line of duty” injury, and was not a “sick leave”; that the two different types of absences are covered by different regulations with different reporting procedures, and that the departmental line of duty regulations do not specifically mandate that the subject worker either remain home during his disability or refrain from performing outside work.
Not only does petitioner’s reasoning defy logic; his explanation strains credulity. Not only is his claim of ignorance of the consequences of his plea unsupported by any evidence; it is belied by his own admission. He concedes that he was unaware of the specific wording of the department’s regulations until conferring with his attorney. Thus, he could not have relied on them during his absence when he conducted his contracting business.
A logical, careful reading of the regulations indicates that one set pertains to job-caused or work-related injuries and is a statutory substitute for workers’ compensation, that the other pertains to non work-related illness, and that each thus has slightly different notice and reporting provisions. The broad social policy and legislative intent motivating each, however, is the same. Paid sick leave is intended to protect those employees who, for whatever reason, are ill or convalescing, and are thus unable to work. By paying the worker, and thus assuming that he will not return to work until he is fully capable, several important purposes are served. First, an honest, productive worker is spared the loss of income through no fault of his own. Second, an employer and employee are spared the effort of litigating fault for job-related injuries. Third, fellow employees and, by extension, members of the society at large, are spared the danger posed by not fully capable workers performing their accustomed jobs. It is not intended to provide a windfall to those who are fully able to work and are indeed employed, but who choose not to work for their employer. In so doing, they violate a public trust and simultaneously demoralize their own honest working colleagues. (See Loughran v Codd, 432 F Supp 259; Clark v New York City Dept. of *915 Correction, Supreme Ct, New York County, May 2, 1979.) Under petitioner’s “logic” however, coupled with the current contractual entitlement to unlimited sick leave, any employee would be fully able to absent himself from work indefinitely, and continue to draw a city paycheck, perhaps for years, while gainfully working elsewhere. It is anomalous that petitioner, who attacks his own dismissal as arbitrary and inequitable, apparently cannot recognize either the inequity of malingering or the arbitrariness of such an assuredly illegal gift of public funds.
Under all the circumstances of this case, respondent’s action cannot be regarded as arbitrary or illegal. Petitioner’s claim that his dismissal is inequitable because of his prior good work history cannot be maintained. Not only is dismissal an appropriate punishment for an admitted theft of public funds, petitioner comes to court with unclean hands, and should not be permitted to invoke the court’s equitable powers.
The petition is dismissed.